IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

Milton Presley (#2017-0423168), )
)
        Plaintiff, )
) Case No. 18 C 2012
v. )
) Judge Charles R. Norgle
)
Cook County Jail, et al., )
)
        Defendants. )

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $24.07 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court directs the Clerk of Court to electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail. Summonses shall not, however, issue at this time. Plaintiff's complaint [1] is dismissed without prejudice. Plaintiff must, by 5-31-18, 2018, submit: (1) an amended complaint that rectifies the deficiencies explained below; and (2) a completed USM-285 (Marshals Service) form for each Defendant named in the amended complaint. Plaintiff's failure to comply with this order by that date will result in dismissal of this case. The Clerk of Court is directed to send Plaintiff a civil rights amended complaint form and one USM-285 (Marshals Service) form, along with a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice to later renewal if this case progresses.

## STATEMENT

Plaintiff Milton Presley, a Cook County Jail detainee, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against the Cook County Jail and Sheriff Thomas J. Dart, regarding several incidents that have occurred during his detention. Before the Court are Plaintiff's application for leave to proceed *in forma pauperis*, complaint for initial review, and motion for attorney representation.

*Plaintiff's Application for Leave to Proceed In Forma Pauperis*

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $24.07 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or

more, until the $350 filing fee is paid in full. Plaintiff must pay twenty percent of his covered monthly income toward *each* filing fee he has incurred. *See Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016) (quoting 28 U.S.C. § 1915(b)(1)). As this is Plaintiff's second case in this district in which leave to proceed *in forma pauperis* has been granted, *see Presley v. Chicago Police Dep't*, 18 C 0145 (Dkt. 8), 40% of his monthly income must be devoted toward his filing fees, where that income meets the requirements of the PLRA. The Court directs the Clerk to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

*Initial Review of Plaintiff's Complaint*

The Court next considers Plaintiff's complaint. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock*, 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

In performing its review of an inmate's complaint, the Court must "be alert to th[e] problem" of litigants pursuing a "scattershot strategy" of "toss[ing] into a single complaint a mishmash of unrelated allegations against unrelated defendants." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit explained:

> A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party. Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .

2

507 F.3d at 607. Here, Plaintiff attempts to assert claims arising from no fewer than six issues that have arisen during his detention, which appear to be separate and attributable to different potential Defendants: (1) Plaintiff allegedly should be, but is not, apparently due to a decision by a medical screener at intake, housed in "a medical housing unit" due to a seizure condition; (2) Plaintiff had a seizure when a correctional officer sprayed him with mace, and the officer then wrote Plaintiff a disciplinary ticket; (3) Plaintiff had an infected tooth that he believes was not treated appropriately by medical personnel at the jail; (4) correctional officials shackled Plaintiff hand and foot by while he was undergoing an oral surgery; (5) Plaintiff "had an altercation with another detainee," who bit him, and Plaintiff "wasn't given proper medical treatment" or the chance to press charges; and (6) he has submitted grievances because medical personnel generally "are not very good at their job."

Plaintiff attempts to raise these issues in a single lawsuit, presumably under a theory that Sheriff Thomas Dart—the only individual defendant to this action[1]—is vicariously liable for the complained-of conduct. Supervisors, however, are not liable merely because they oversee others who allegedly violate an inmate's rights. *See Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Instead, to be held liable under section 1983, an individual must have caused or participated in a constitutional deprivation. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012); *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). Accordingly, supervisors can only be held responsible for the constitutional violations of their subordinates only if the violation occurred at the supervisor's direction or with his or her knowledge and consent. *See Hildebrandt v. Ill. Dep't of Nat. Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003). Thus, for example, Sheriff Dart cannot be held liable under section 1983 merely because he oversees jail operations, as Plaintiff appears to seek to do; there is no suggestion (and it does not appear at all likely) that Dart was personally involved in each incident Plaintiff mentions.

The allegations of the complaint also do not permit an inference that any single individual is responsible for all events Plaintiff listed. On the contrary, those events appear not to be related in a legal sense insofar as they involve distinct and separate conduct performed by different individuals or categories of individuals. For example, the individuals responsible for medical care are different from the individuals responsible for dental care, spraying Plaintiff with a chemical agent, shackling Plaintiff during dental treatment, or determining his housing placement. It is also often the case that an inmate sees different medical personnel on different dates or for different ailments, so it is not even proper in all instances, under *George*, to include all medical treatment issues, which might otherwise seem to be "related," within in the same case. Applying the rationale of *George*, any claim Plaintiff has against the individuals responsible for medical care for a particular issue may not be pursued in the same lawsuit as any claim he has against different individuals responsible for treating a different medical issue, providing dental care, spraying Plaintiff with a chemical agent, shackling Plaintiff, or determining his housing placement. *See*

---

[1] Although Plaintiff also names the Cook County Jail, that entity is not properly named as a Defendant. *See Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (holding that neither Cook County Department of Corrections" nor its subdivision mail room is "a suable entity"); *Ferguson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) ("'Cook County Jail' is not a suable entity.").

*George*, 507 F.3d at 607; *Wheeler v. Talbot*, 695 F.App'x 151, 152 (7th Cir. 2017) (explaining that unrelated claims should not be joined in same lawsuit); *Vermillion v. Levenhagen*, No. 14-2327, 2015 WL 927356, at *4 (7th Cir. Mar. 5, 2015) (discussing analysis concerning joinder of parties and claims and also explaining that district court has discretion to sever any "discrete and separate" claims). If Plaintiff wants to proceed with this lawsuit, he must choose which claim he wants to pursue and amend his complaint, limiting any amended complaint to related claims against properly joined defendants. If Plaintiff wants to pursue the remaining claim(s), he must bring each legally distinct claim in a separate lawsuit, accompanied by a separate application to proceed *in forma pauperis*.

Plaintiff also must identify proper defendants to any claim he brings in an amended complaint. If Plaintiff wants to proceed with this lawsuit, he must identify the individual or individuals responsible for the complained-of conduct, list them in the caption of any amended complaint, and explain in the "statement of claim" what each individual did to allegedly violate Plaintiff's rights. Plaintiff should provide a brief recitation of facts in the order they occurred and specifically names the individual(s) responsible for the alleged violation of Plaintiff's rights. Plaintiff may refer to proper Defendants as John (or Jane) Doe (i.e., John Doe 1, John Doe 2, Jane Doe 1, etc.) if he does not know the names of the proper Defendants. He should not name supervisory officials if his only claim is that they employed, hired, or supervised the individual allegedly responsible for a constitutional violation; supervisors should be named only if they had an articulable involvement in the alleged violation. Cook County Jail and Cook County Department of Corrections (or any subdivision of either), which, as explained above, are not suable entities, should not be named as Defendants in an amended complaint.

*Instructions for Amending Complaint, Completing Service Forms and for Future Submissions*

Accordingly, the Court dismisses the complaint without prejudice. If Plaintiff wishes to proceed with this lawsuit and believes he can do so consistent with the foregoing, he must submit an amended complaint that states a cognizable federal claim. Any amended complaint must be submitted on the Court's required form, *see* Local Rule 81.1, and comport with Federal Rule of Civil Procedure 11, which provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b).

Plaintiff is warned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff is advised to keep a copy for his files. Plaintiff should, along with the amended complaint, submit a completed USM-285 (Marshals Service) service form for each Defendant named in the amended complaint. The U.S. Marshals Service will not attempt service on any Defendant without the completed form. Plaintiff may make copies of the blank form he is being provided if additional forms are needed.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility. Failure to do so may lead to dismissal of this action for want of prosecution.

*Plaintiff's Motion for Attorney Representation*

Plaintiff's motion for attorney representation is denied. "There is no right to court-appointed counsel in federal civil litigation," *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but the Court has discretion to request that an attorney represent an indigent litigant on a volunteer basis under 28 U.S.C. § 1915(e)(1). The Court declines to do so at this time. First, Plaintiff indicates in his complaint that he is "not seeking lawyer representation but [is] seeking legal counsel." (Dkt. 1, pg. 7.) Second, Plaintiff's motion shows that he has made only two attempts to retain counsel on his own. While Plaintiff cannot afford to hire legal counsel on his own, he may still make efforts to contact attorneys. He should write to attorneys, law firms, or legal organizations to explain his intended claims and seek representation free of charge, or pro bono. Plaintiff should utilize the law library or other resources available to him in the jail and undertake some effort to recruit counsel on his own prior to seeking the Court's assistance. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc); *Russell v. Bukowski*, 608 F. App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). The Court, however, notes that Plaintiff has some college education, and it appears that he will be able to perform the tasks set forth in this order, given the guidance provided in this order. Accordingly, Plaintiff's motion for attorney representation is denied without prejudice to renewal later in this case.

*Conclusion*

The Clerk will provide Plaintiff with an amended civil rights complaint form, a blank service form, and instructions along with a copy of this order. Plaintiff's failure to comply with this order by the date set forth above will result in dismissal of this lawsuit.

Date: 4-19-18 /s/ Charles Norgle

5